**In The United States District Court
For the Western District of Michigan**

| | | |
|---|---|---|
| GEN X MICROSYSTEMS, INC., <br> OLDNAR CORPORATION f/k/a <br> NARTRON CORPORATION, <br> a Michigan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SANYO NORTH AMERICA <br> CORPORATION, a Delaware Corporation, <br> and PANASONIC CORPORATION OF <br> NORTH AMERICA d/b/a PANASONIC <br> AUTOMOTIVE SYSTEMS COMPANY <br> OF AMERICA, a Delaware Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:13-cv-01064 <br><br> Honorable Janet T. Neff |

**Joint Statement of the Case and Statement of the Elements**

**Joint Statement of the Case and Statement of the Elements**

Plaintiff Gen X Microsystems, Inc. f/k/a Oldnar Corporation f/k/a Nartron Corporation ("Nartron") brings this case against Defendants Panasonic Corporation of North America ("Panasonic") and Sanyo North America Corporation ("Sanyo"). Nartron alleges that Defendants breached their contractual obligation to Nartron. In 2008, Nartron and Sanyo entered into a Development and Supply Agreement ("DSA").[1] Defendants supply General Motors ("GM") with capacitive touch integrated center stacks for the Cadillac CUE. Nartron alleges that, in doing so, they rely on valuable capacitive touchscreen "know-how" that they obtained from Nartron pursuant to the DSA. Nartron further alleges that under the DSA, Sanyo explicitly agreed that it would not use Nartron's "know how" without a Product Agreement or other authorization. To establish breach of contract under Michigan law, Nartron must show: "(1) the existence of a valid and enforceable contract between the parties; (2) the terms of the contract; (3) that the defendant[s] breached the contract; and (4) that the plaintiff suffered an injury as a result of the breach." *Pinkston-Poling v. Advia Credit Union*, 2016 U.S. Dist. LEXIS 179653, at *10-11 (W.D. Mich. Dec. 29, 2016). In addition, Nartron alleges that Panasonic has been unjustly enriched by receiving the benefits of Nartron's capacitive touch know-how, for which Panasonic has not compensated Nartron. To establish unjust enrichment, Nartron must show "(1) the receipt of a benefit by the defendant[s] from the plaintiff, and (2) circumstances rendering defendant[s]' retention of the benefit inequitable or unjust." *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 931 (W.D. Mich.

---

[1] After the parties entered into the DSA, Panasonic and Sanyo merged.

1

2

2009); *see also Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991). Nartron alleges that it is entitled to damages for Defendants' breach of the DSA and Panasonic's unjust enrichment. Defendants deny all of Nartron's claims. Specifically, Defendants allege that Nartron does not have a contractual right to a licensing fee under the DSA because there was no Product Agreement, that the information Nartron shared with Defendants was not "know-how" because it was not secret and that the production CUE does not utilize any of Nartron's technology or know-how. Defendants also allege that the unjust enrichment claim is barred as a matter of law and that Nartron is not entitled to any damages.

*/s/ Kenneth Morgan*
**Campbell Morgan, P.C.**
Kenneth B. Morgan (P34492)
144 W. Maple Road, Suite 100
Birmingham, MI 48009
(248) 594-6341
kbmorgan@camorlaw.com

*/s/ Shira Shapiro*
**Robins Kaplan LLP**
Martin Lueck (MN Bar #155548)
Thomas Mahlum (MN Bar #259391)
Sharon Roberg-Perez (MN Bar #0348272)
Shira Shapiro (MN Bar #0390508))
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402-2015; (612) 349-8500
mlueck@robinskaplan.com
tmahlum@robinskaplan.com
sroberg-perez@robinskaplan.com
sshapiro@robinskaplan.com

*Attorneys for Plaintiff*

*/s/ John Anding*
**Drew, Cooper & Anding, P.C.**
John E. Anding (P30356)
LaRissa D. Hollingsworth (P62774)
Amanda P. Narvaes (P74957)
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
lhollingsworth@dca-lawyers.com
anarvaes@dca-lawyers.com

*Attorneys for Defendant*

## Certificate of Service

I hereby certify that on March 9, 2017, I served the foregoing document on all parties or their counsel of record in the above-captioned matter through the CM/ECF system.

> */s/ Shira Shapiro*
> **ROBINS KAPLAN LLP**
> Shira Shapiro (MN Bar #390508)
> 800 LaSalle Avenue
> 2800 LaSalle Plaza
> Minneapolis, MN  55402-2015
> 612-349-8500
> sshapiro@robinskaplan.com