UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDNAR CORPORATION f/k/a
NARTRON CORPORATION,
a/k/a GEN X MICROSYSTEMS, INC.,

    Plaintiff,

v.

SANYO NORTH AMERICA
CORPORATION and PANASONIC
CORPORATION OF NORTH AMERICA,

    Defendants.
_____/

Case No. 1:13-cv-1064

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff Oldnar Corporation, f/k/a Nartron Corporation, a/k/a Gen X Microsystems, Inc. (referred to herein as "Nartron"), filed this case against Defendant Sanyo North America Corporation, alleging two counts in its Corrected Second Amended Complaint (CSAC): Count 1—breach of contract (Development and Supply Agreement); and Count 2—unjust enrichment (ECF No. 70). Nartron seeks recovery related to the development of touch screen technology that Sanyo allegedly used in touch screen displays for certain Cadillac vehicles, the "CUE," which Sanyo sold to General Motors. Plaintiff also named Panasonic Corporation of North America as a defendant on the basis of Panasonic's successor interest. Following dispositive motions and a bench trial resolving the claims against Sanyo in Sanyo's favor, the Court entertained briefs on the sole remaining claim—Nartron's unjust enrichment claim against Panasonic. The parties have

since filed a host of additional motions and briefs. For the reasons that follow, the unjust enrichment claim is resolved in Panasonic's favor, and the remaining motions are denied.

## I. Unjust Enrichment Claim

Nartron alleges the same essential claim of unjust enrichment against Panasonic as alleged against Sanyo. Specifically, Nartron's Corrected Second Amended Complaint alleges that "Sanyo and [Panasonic] have received numerous benefits from Nartron including the use of Nartron's resources, experience and expertise in designing, developing and manufacturing products utilizing Nartron's Smart Touch Technology and other technology so that Sanyo and [Panasonic] could obtain supply agreements with Ford and GM" (CSAC, ECF No. 70 at PageID.991). In short, Nartron asserts that Panasonic received—and unjustly retained—benefits from Nartron without compensating Nartron.

Panasonic argues that under settled Michigan law, Nartron's equitable claim is barred against Panasonic just as it was against Sanyo, because the parties' Development and Supply Agreement (DSA) covers the same subject matter as the unjust enrichment claim. Panasonic contends that as a result of the merger of Sanyo into Panasonic in 2015, Panasonic and Nartron are the only parties to the DSA. All of Sanyo's contractual responsibilities and liabilities—past, present and future—are Panasonic's as the surviving entity in the merger. Thus, Nartron's equitable claim against Panasonic is barred.

"To sustain a claim for unjust enrichment under Michigan law, a plaintiff must establish (1) the receipt of a benefit by the defendant[s] from the plaintiff, and (2) circumstances rendering defendant[s]' retention of the benefit inequitable or unjust." *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 931 (W.D. Mich. 2009) *aff'd*, 712 F.3d 917 (6th Cir. 2013). However, where there is an express contract with the defendant covering the subject matter of the

claim, the plaintiff may not recover under a theory of unjust enrichment. *Llewellyn-Jones v. Metro Prop. Group, LLC*, 22 F. Supp. 3d 760, 793-94 (E.D. Mich. 2014); *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 903 (Mich. Ct. App. 2006); *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003). "A claim for unjust enrichment cannot be asserted when both parties agree that a contract exists, but dispute its terms." *Kussy v. Home Depot U.S.A. Inc.*, No. 06-12899, 2006 WL 3447146, at *4 (E.D. Mich. Nov. 28, 2006); *see also Llewellyn-Jones*, 22 F. Supp. 3d at 794.

This Court previously found that Sanyo was entitled to summary judgment of this claim because Nartron presented no credible evidence that the product development at issue falls outside the expressed scope of the parties' DSA, in which Nartron's role and resources are broadly stated. *Oldnar Corp. v. Sanyo N. Am. Corp.*, No. 1:13-cv-1064, 2016 WL 4205596, at *9 (W.D. Mich. Aug. 9, 2016). Under the same reasoning, Panasonic is likewise entitled to dismissal of Nartron's unjust enrichment claim. Nartron's efforts to recharacterize the "benefits" Panasonic allegedly received or to exempt them under this Court's rulings in this case are unavailing. The DSA contained express provisions for Nartron to recoup any compensation to which it was entitled for benefits conferred on Sanyo and Panasonic for the joint development of technology and/or products, e.g., a Product Agreement. Nartron's failure to show it was entitled to compensation under the DSA provisions does not default into a viable unjust enrichment claim.

To the extent that Nartron premises its entitlement to compensation on "Existing Property Rights" purportedly not covered by the DSA, under § 9.3 of the Agreement (ECF No. 341 at PageID.5389-5390), the Court is not so persuaded. As the Court found previously with respect to Sanyo, there is "no credible evidence that the product development at issue falls outside the expressed scope of the DSA." *Oldnar Corp.*, 2016 WL 4205596, at *9.

Additionally, to the extent that Nartron's claims are based on the alleged misuse of Nartron's capacitive touch intellectual property, i.e., Nartron's "Smart Touch" technology and/or technology related thereto, Panasonic convincingly argues that such claims are barred by Michigan's Uniform Trade Secrets Act ("MUTSA"). *See Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 625 (E.D. Mich. 2005) ("[T]he MUTSA displaces the portion of the unjust enrichment … claims that allege enrichment from misappropriation."); *see also Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F. Supp. 2d 943, 948-49 (W.D. Mich. 2003). Nartron argues that if its "know-how, information, and technology" at issue is not within statutorily defined trade secrets under the MUTSA, the Act's displacement provision should not apply (*see* ECF No. 341 at PageID.5389). It is not clear what specific "know-how, information, and technology" Nartron references. But in any event, "'the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by MUTSA.'" *Konica Minolta Bus. Sols., U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2016 WL 6828472, at *6 (E.D. Mich. Nov. 18, 2016) (quoting *Bliss Clearing Niagara*, 270 F. Supp. 2d at 948-49).

Nartron's unjust enrichment claim against Panasonic fails.

## II.  Remaining Motions

These are denied. Simply put, the parties attempt to replow the battleground that has already been fully planted in this case and is now ripe for harvest.

### A.  Motion for Leave to File Additional Briefs

First, the motions for leave to file additional briefs do not merit an in-depth discussion. The Court previously instructed the parties that back-and-forth briefing would not be permitted on the unjust enrichment claim at this juncture of this case. Similarly, such briefing is unwarranted

on the remaining motions presented.  The claims and issues presented in this case have been thoroughly litigated and resolved accordingly.  Leave to file additional briefing is denied.

### B.  Motion to De-Designate Documents Produced in Response to Subpoena

Defendants move, pursuant to Paragraph 12 of the Protective Order entered in this case (ECF No. 43), to de-designate certain documents produced by Nartron between April 3 and April 5, 2017 in response to a trial subpoena served by Defendants (ECF No. 344, Ex. 1).[1]  Each document produced by Nartron was designated either "Confidential," "Attorneys' Eyes Only" or "Outside Counsel Only" under the Protective Order (ECF No. 344 at PageID.5484).  Defendants assert that "these non-confidential documents contain promises and representations by Nartron that appear to call into question the legitimacy and legality of the claims made by Nartron in this case, and potentially other cases" (*id.*).  Further, "Defendants' counsel should be permitted to discuss these documents with their clients and third-parties in order to determine the scope of the rights and obligations thereunder" (*id.*).  The Court does not find Defendants' arguments for de-designating confidential agreements obtained in discovery persuasive.

This Court is generally adverse to the unnecessary or unsupported filing of sealed documents or the unwarranted designation of settlement agreements as "confidential," in cases before the Court.  However, the circumstances presented here are unique.  The parties early-on in this case jointly set the parameters for releasing confidential documents, which Defendants seek to revisit with respect to documents received in discovery shortly before the bench trial.  Not only is the Court unpersuaded that the settlement agreements and correspondence are properly disclosed

---

[1] Defendants do not identify the 46 pages of documents by name.  Nartron identifies the documents as "four settlement agreements with ***non-parties*** and ***for litigations that do not include Defendants***: (1) QRG, Ltd. ('Quantum') (later acquired by Atmel); (2) Elo TouchSystems, Inc.; (3) E.G.O. North America, Inc.; and (4) General Electric ('GE'), Maytag (now Whirlpool), and TouchSensor Technologies, LLC," as well as "some licensing correspondence between Nartron and non-party Apple, Inc." (ECF No. 351 at PageID. 5645-5646).

5

without the third-party signators' opportunity to be heard, but is also unpersuaded that Defendants' stated basis for release is relevant to or warranted in this case. This litigation is properly concluded. All claims and issues have been resolved. As stated below, the Court finds no valid basis for reviving the dispute between the parties via a new counterclaim or other claims that might arise from de-signation of the documents at issue. And Defendants' proposed release of the confidential settlement agreements as an aid to other pending and future disputes sweeps too far beyond the adjudication of the present case or controversy to be a proper exercise of this Court's jurisdiction or discretion. The motion to de-designate documents is denied.

### C. Motion for Leave to Amend Answer to Add Counterclaim

Defendants move for leave to amend their Answers (ECF Nos. 75 & 76) to Nartron's Corrected Second Amended Complaint to add a counterclaim pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants seek to add a counterclaim for breach of the "2007 settlement agreement between QRG, Ltd. ('Quantum') and Nartron (the 'Settlement Agreement')" (ECF No. 364 at PageID.5871, 5880), which is one of the documents Defendants seek to de-designate as confidential in the motion to de-designate, denied above. The Court finds no circumstances warranting an amendment at this final stage of this case.

Federal Rule of Civil Procedure 15(a)(2) governs amendment of the pleadings and provides that "[t]he court should freely give leave when justice so requires."[2] "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005); *see also Seals v. Gen. Motors Corp.*, 546 F.3d 766,

---

[2] Rule 15(a) governs amendments before trial, which is not the circumstance here. Nonetheless, the Court finds that Defendants are not entitled to amendment even under this presumably more generous standard.

770 (6th Cir. 2008). These factors do not weigh in favor of granting Defendants' proposed amendment.

Nartron points to evidence that Defendants unduly delayed in seeking leave to add the proposed counterclaim because Sanyo knew about the Quantum Settlement Agreement as early as 2008 and even possessed it as early as 2009. Defendants concede that "in 2009 Sanyo for a time possessed the Settlement Agreement," but state that by the time Nartron filed this suit in 2013, "the Settlement Agreement had long been forgotten by Defendants" (ECF No. 364, n.1 at PageID.5872). Defendants further state that although they received the Settlement Agreement on April 3, 2017 in pre-trial discovery, it was not until they were later preparing their unjust enrichment brief that they closely reviewed the Settlement Agreement and began to work on their counterclaim (*id.* at PageID. 5876-5877).

On the record presented, Defendants' attempt to revive their dispute with Nartron at this late stage of this case, after it is essentially concluded, would unduly prejudice Nartron. "[T]he time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). Defendants' motion for leave to amend its answer to add a counterclaim is denied.

### III. Conclusion

Defendant Panasonic is entitled to dismissal and/or summary judgment of Plaintiff's unjust enrichment claim. Having resolved all claims in this case, the Court will enter a Judgment consistent with the previous dispositions and this Opinion and Order.

Accordingly:

**IT IS HEREBY ORDERED** that summary judgment is entered in favor of Defendant Panasonic Corporation of North America on Plaintiff's unjust enrichment claim (Count II).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Response to Defendants' Unjust Enrichment Brief (ECF No. 345) is DENIED and the proposed order (ECF No. 348) is moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to De-Designate Documents Produced in Response to Subpoena (ECF No. 344) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Reply Brief in Support of Defendants' Motion to De-Designate Documents Produced in Response to Subpoena (ECF No. 359) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Amend Answer to Add Counterclaim (ECF No. 362) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Reply Brief in Support of Defendants' Motion for Leave to Amend Answer to Add Counterclaim (ECF No. 370) is DENIED.

**IT IS FURTHER ORDERED** that a bench trial having been conducted in this case and the remaining claim being now resolved, the motions in limine and proposed orders pending on the case docket (ECF Nos. 225, 231, 233, 257, 304) are moot.

Dated:  September 29, 2017                                /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge