UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDNAR CORPORATION,
f/k/a Nartron Corporation,
a/k/a Gen X Microsystems, Inc.,

    Plaintiff,

v

SANYO NORTH AMERICA
CORPORATION, et al.

    Defendants.

Case No. 1:13-cv-1064

Hon. Janet T. Neff

## Revised Joint Statement of the Case and Statement of the Elements

The Sixth Circuit Opinion in this case impacts the claims that remain at issue. *Oldnar Corp. v. Panasonic Corp. of N.A.*, 766 Fed. Appx. 255 (6th Cir. March 14, 2019). On April 2, 2008, Nartron Corporation entered into a Development and Supply Agreement ("DSA") with SANYO Automotive U.S.A., Inc.. Plaintiff Gen X Microsystems, Inc., f/k/a Oldnar Corporation f/k/a Nartron Corporation ("Nartron") claims in this suit that Defendant Sanyo North America Corporation (Sanyo) breached section 9.3 of the DSA by (i) using Nartron's Intellectual Property ("Know How") -- without its written permission and payment of royalties -- to obtain a production order from GM for a certain integrated center stack ("ICS") product and (ii) by using Nartron's Know How in the ICSs shipped to GM. Nartron also claims that, because they used Nartron's Know How, Sanyo and Defendant Panasonic Corporation of America ("Panasonic") have been unjustly enriched at Nartron's expense. The unjust enrichment claim against Sanyo is limited to the period of time after the expiration of the DSA (i.e., from April 3, 2012) until its merger with Panasonic (i.e., March 31, 2015).

To establish breach of contract under Michigan law, Nartron must show (i) the existence of a valid and enforceable contract between the parties, (ii) the terms of the contract, (iii) that Sanyo breached the contract and (iv) that Nartron suffered an injury as a result of the breach. *Pinkston-Poling v Advia Credit Union I*, 227 F. Supp. 3d 848, 853 (W.D. Mich. 2016). To establish unjust enrichment, Nartron must show that (i) Sanyo and Panasonic benefitted from Natron's Know How and (ii) that it would be inequitable for them to retain it without compensating Nartron. *Oldnar Corp.*, 766 Fed. App'x. at 265. Nartron alleges that it is entitled to damages from Sanyo for its breach of the DSA and from both Sanyo and Panasonic under its unjust enrichment theory. It is Nartron's position that to establish liability under each theory, it must prove that Sanyo and/or Panasonic used its Know How, which issue is the subject of the evidentiary hearing currently set for February 21, 2019.

Defendants deny all of Nartron's claims. First, Defendants maintain that the ICS utilizes Atmel capacitive touch technology. As such, Defendants deny that Nartron can meet its burden of showing that its alleged technology was used in production of the ICS. Further, Defendants allege that Nartron's claim for contractual damages under § 9.3 of the DSA—the only potentially operable section of the DSA under the Sixth Circuit's remand order—is time-barred. *Oldnar Corp. v. Panasonic Corp. of N.A., et al*, 2019 WL 1221081, *9 (6th Cir. Mar. 14, 2019). And even if Nartron's claims under § 9.3 of the DSA had not expired, Defendants assert that they are not compensable by royalty. *See Reynolds Metals Co. v. Skinner*, 166 F. 2d 66, 75-76 (6th Cir. 1948) ("Men who have knowledge of a certain art cannot collect royalty for the use of unpatented devices known to and used in the trade merely because of their know-how."). Finally, Defendants allege that the information Nartron shared with Defendants was not legally compensable under a claim of unjust enrichment because it is either barred by statute (*see* MCL § 445.1908 (the Michigan

Uniform Trade Secrets Act)) or void as against public policy (*see Hayes-Albion v. Kuberski*, 421 Mich. 170, 189 (1984) ("Once [a] trade secret becomes public, everyone is entitled to use the information."); *see also ConFold Pac., Inc. v. Polar Indus., Inc.*, 433 F.3d 952, 959 (7th Cir. 2006)).

DATED: October 31, 2019      By:   */s/ E. Thomas McCarthy, Jr.*
    E. Thomas McCarthy, Jr. (P28714)
    John R. Oostema (P26891)
    D. Adam Tountas (P68579)
    SMITH HAUGHEY RICE & ROEGGE
    Attorneys for Plaintiff
    100 Monroe Center NW
    Grand Rapids, MI 49503
    616-774-8000
    tmccarthy@shrr.com
    joostema@shrr.com
    dtountas@shrr.com

    - and -

    Kenneth B. Morgan
    KENNETH B. MORGAN, P.C.
    Attorney for Plaintiff
    550 W. Merrill Street, Suite 100
    Birmingham, MI 48009

    By:   */s/ John E. Anding*
    John E. Anding (P30356)
    Thomas V. Hubbard (P760575)
    LaRissa D. Hollingsworth (P62774)
    Amanda P. Narvaes (P74957)
    DREW, COOPER & ANDING, P.C.
    Aldrich Place, Suite 200
    80 Ottawa Avenue NW
    Grand Rapids, MI 49503
    (616) 454-8300