UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDNAR CORPORATION
f/k/a Nartron Corporation,
a/k/a Gen X Microsystems, Inc.,

    Plaintiff,

v.

SANYO NORTH AMERICA
CORPORATION, a Delaware corporation, and
PANASONIC CORPORATION OF NORTH
AMERICA d/b/a PANASONIC
AUTOMOTIVE SYSTEMS COMPANY OF
AMERICA, a Delaware corporation,

    Defendants.

Case No. 1:13-cv-1064

Hon. Janet T. Neff

## DEFENDANTS' BENCH BRIEF REGARDING THE INADMISSIBILITY OF THE DECLARATION OF JOHN WASHELESKI

The Declaration of John Washeleski (the "Declaration") is an out-of-court statement prepared for litigation being offered for the truth of the matters asserted. As such, it is inadmissible because it is not covered by an exception to the hearsay rule. Fed. R. Evid. 801(c); 802.

Mr. Washeleski is deceased. Thus, his prior testimony would be excluded from the hearsay rule only if it was "given…at a trial, hearing, or lawful deposition," and was "offered against a party who had…an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(A)-(B). This exception does not apply here for two reasons. First, the testimony in the declaration was not given "at a trial, hearing or lawful deposition." Instead, it was proffered as an attachment to a summary judgment motion filed by Nartron. (ECF Nos. 163, 164, 168.) *See U.S. v. Gordon*, 493 F. App'x 617, 624 (6th Cir. 2012) (affirming the

inadmissibility of deceased affiant's affidavit, noting, "documents created in anticipation of litigation are presumptively less trustworthy than ordinary business records").

Second, Panasonic had no opportunity to cross-examine Mr. Washeleski before his death on the statements in the Declaration because it was submitted after discovery closed. *United States v. Darwich*, 337 F.3d 645, 658 (6th Cir. 2003) (finding hearsay evidence inadmissible under Rule 804(b)(1) because defendant had no opportunity to cross examine the witnesses). The lack of an opportunity for cross-examination is critical, because the Declaration goes well beyond the testimony given by Washeleski at his deposition. To illustrate, in Paragraph 12 of his Declaration, Washeleski claims that Nartron created an ASIC (application specific integrated circuit) specification "on September 29, 2008, and shared that specification with Sanyo on November 6, 2009." (Washeleski Declaration, ¶ 12.) But in his deposition Washeleski testified that as of November, 2009 Nartron had *not* created an ASIC but was merely "moving down that route" in order to reduce its proposed piece price. (Ex. 1, Washeleski Dep. pp. 137:11-139-22, 146:6-12.)

Nor does Washeleski's Declaration qualify for admission under the "residual exception" to the hearsay rule. Fed. R. Evid. 807. There hearsay is admissible if: (1) it possesses the requisite indicia of trustworthiness; (2) it relates to a material fact; (3) it is the most probative evidence reasonably available; and (4) its admission furthers the purposes of the Federal Rules of Evidence and the interests of justice. *Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, 789 F. Supp. 2d 777, 780 (E.D. Mich. 2011) (citations omitted). But here, the Declaration is inherently untrustworthy and thus would not advance the interests of justice because it was created specifically for use against Panasonic in this litigation. *U.S. v. Gordon*, 493 F. App'x at 624; *Land v. Am. Mut. Ins. Co.*, 582 F. Supp. 1484, 1487 (E.D. Mich. 1984) (finding deceased plaintiff's self-serving statement inadmissible under the residual exception to the hearsay rule).

Finally, Mr. Washeleski's discovery deposition transcript is available as evidence. Thus, his Declaration is not more probative than other evidence. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.,* 775 F. Supp. 2d 302, 316 (D. Mass 2011) (finding affidavit of deceased affiant was not more probative than affiant's deposition transcript, and was thus inadmissible).

For these reasons, the Declaration should be declared inadmissible by this Court.

Respectfully submitted,

Dated: July 9, 2020

_____
John E. Anding (P30356)
Thomas V. Hubbard (P60575)
LaRissa D. Hollingsworth (P62774)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300